IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10477
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAN JOYCE URRUTIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-160-1-E

_____
January 14, 2002
Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Joan Joyce Urrutia appeals her sentence for mail fraud. She contends that the district court erred: (1) in denying her request for a downward departure under U.S.S.G. §§ 5K2.13, 5H1.4, 5K2.0, and 5K2.10, and (2) in its determination of the date the scheme to defraud commenced.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's decision not to depart downward is not subject to review in this circuit unless the refusal to depart is premised upon the sentencing court's mistaken belief that the guidelines do not permit such a departure.[1] The record reflects that there was no such erroneous belief in this case.

Urrutia's contention that the scheme to defraud, at issue herein, did not begin until March 2000, instead of in December 1998, is supported only by her testimony at the sentencing hearing. The district court's finding that the scheme began no later than December 1998, and that the appropriate loss amount, calculated using payments from December 1998 through June 2000, was $123,000, was supported by the testimony of the victim, Lamar Daniels, as well as that of an FBI agent, a postal inspection agent, and the recitation in the presentence investigation report. The district court was not required to determine the loss amount with precision. It was required only to make a reasonable estimate of the loss based on the information available.[2] The trial court's findings regarding the duration of the scheme and the loss amount were plausible in light of the record as a whole and therefore, are not clearly erroneous.[3]

AFFIRMED.

---

[1] United States v. Dadi, 235 F.3d 945, 954 (5th Cir. 2000), cert. denied, 121 S. Ct. 2230 (2001).

[2] U.S.S.G. § 2F1.1, comment (n.9); see also United States v. Dadi, 235 F.3d 945, 953 (5th Cir. 2000), cert. denied, 121 S. Ct. 2230 (2001).

[3] United States v. Sanders, 942 F.2d 894, 897 (5th Cir. 1991).